UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADIM STANLEY MIESEGAES,<br><br>    Petitioner,<br><br>  v.<br><br>KAMALA HARRIS, et al.,<br><br>    Respondents. | No. C 15-0995 MEJ (PR)<br><br>**ORDER OF TRANSFER** |

On March 3, 2015, petitioner, an insanity acquitee housed at Atascadero State Hospital and proceeding pro se, filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He represents that he is a Swiss national and requests that the Court order the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("I.C.E.") to commence deportation proceedings. On June 12, 2015, the Court denied petitioner's motion for leave to proceed in forma pauperis ("IFP") and ordered him to pay the $5.00 filing fee by July 10, 2015 or face dismissal of this action. Petitioner was later granted an extension to September 30, 2015 to pay the filing fee. Petitioner has filed a motion for reconsideration of the Court's order denying IFP status.

Generally, 28 U.S.C. § 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (Listing "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction" as examples of when Section 2241 applies). Section 2241

is the proper basis for the instant petition because petitioner is challenging his detention pending removal proceedings. Further, petitioner was never convicted in State court, but rather, was found not guilty by reason of insanity.

The petition must be transferred because jurisdiction does not lie in this district. Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the "within their respective jurisdiction" language to mean that a Section 2241 petitioner challenging his present physical custody must file a petition for a writ of habeas corpus in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).

Petitioner's commitment proceedings are in San Francisco County, which is in this district. However, he is confined in San Luis Obispo County, which is in the Central District of California. Accordingly, pursuant to 28 U.S.C. § 1404(a) and Habeas Local Rule 2254-3(b), and in the interests of justice, this petition is TRANSFERRED to the United States District Court for the Central District of California.

Petitioner's motion for reconsideration is DENIED as moot. Ruling on the request to proceed in forma pauperis will be deferred to the Central District.

The Clerk shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: SEPTEMBER 2, 2015

Maria-Elena James
United States Magistrate Judge

2